**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALEX HARRIS on behalf of himself
and on behalf of his minor children,
J.H., F.P., and L.H., as parent and
natural guardian,

        Plaintiffs,

vs.                                Case No. 3:17-cv-669-J-34JRK

A TEAM LEASING, LLC d/b/a
BUDDY'S HOME FURNISHINGS,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On June 12, 2017, Plaintiffs filed their Complaint for Damages and Injunctive Relief (Doc. 1; Complaint). In the Complaint, Plaintiffs assert that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00." See Complaint ¶ 9. Specifically, Plaintiffs allege that they are "residents of Florida," and that Defendant is a "business entity incorporated in Georgia, with the principal place of business located in Georgia." Id. However, these allegations are insufficient to demonstrate the citizenship of Plaintiffs or Defendant. As such, the Court is unable to determine whether it has diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Because the Complaint discloses Plaintiffs' residence, rather than their domicile or state of citizenship, the Court finds that Plaintiffs have not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

In addition, Plaintiffs declare that Defendant A Team Leasing, LLC (A Team) "is a Georgia Corporation." See Complaint ¶ 12. As such, Plaintiffs rely on 28 U.S.C. § 1332(c) to maintain that A Team Leasing is a citizen of Georgia because it is "incorporated in Georgia, with the principal place of business located in Georgia." Id. ¶ 9. The problem with these allegations, however, is that A Team's name indicates that it is a limited liability company (LLC), not a corporation. A Team cannot be both a limited liability company and a corporation. Moreover, because the requirements for demonstrating the citizenship of a limited liability company and a corporation are different, the Court cannot determine A Team's citizenship from the assertions in the Complaint.

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, as A Team is denominated as an LLC, but Plaintiffs have alleged jurisdiction as if it is a corporation, the Court is unable to determine A Team's citizenship. As such, clarification is necessary to establish this Court's diversity jurisdiction. First, Plaintiffs must specify whether A Team is an LLC or a corporation. If, despite its name, A Team Leasing, LLC is a corporation, the Court can

determine that it is a citizen of Georgia based on the information contained in the Complaint. However, if A Team is, as it appears to be, an LLC, Plaintiffs must establish the citizenship of each of its members.[1] Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.

In addition, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Counts Two and Three of the Complaint incorporate by reference all allegations of all the preceding counts. See Complaint ¶¶ 61, 69.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court

---

[1] Plaintiffs are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file an amended complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action,[2] and corrects the shotgun nature of the Complaint.

**ORDERED**:

1. The Complaint for Damages and Injunctive Relief (Doc. 1) is **STRICKEN**.
2. Plaintiffs shall file an amended complaint curing the shotgun nature of the Complaint and the jurisdictional deficiencies on or before **June 28, 2017**. Failure to do so may result in a dismissal of this action.

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on June 14, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties